# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Submitted on Briefs, December 12, 2009

## IN RE: MAVERICK H., SAMANTHA ANN MOORE, a/k/a MICHELLE M. HARTMAN, v. MARK W. GIVLER

**Appeal from the Chancery Court for Blount County**
**No. 05-134      Hon. Telford E. Forgety, Chancellor**

_____

**No. E2009-00253-COA-R3-CV - FILED FEBRUARY 24, 2010**

_____

In this action to establish paternity and recover back child support, plaintiff did not appear when the case was set for trial and the Trial Judge dismissed the action. Plaintiff then filed a Rule 60 motion to reinstate the case to the trial docket, which the Trial Judge denied. On appeal, we affirm the Judgment of the Trial Court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and. D. MICHAEL SWINEY, J., joined.

Thomas F. Mabry, Knoxville, Tennessee, for the appellant, Alanna Christy Daniels Howe.

**OPINION**

Plaintiff's Complaint alleges that she is a resident of Florida and brought this action to determine paternity and establish an order for child support. She alleged the child was born on November 23, 1987, and that defendant, Mark Givler, was the father. She alleged Givler was a resident of Blount County, and she filed the Complaint on September 12, 2005, just a few months before the child's 18th birthday. Givler answered, and stated that a paternity test had been done which showed him to be the father of the child, and he admitted paternity, but denied that plaintiff was entitled to retroactive child support.

Subsequently, the Trial Court entered an Order of Dismissal on August 9, 2007, stating that

the case was set for trial on August 7, and that defendant appeared but plaintiff did not. The action was dismissed on the ground that plaintiff failed to prosecute. A few days later, plaintiff filed a Motion to Set Aside Judgment and for a New Trial pursuant to Tenn. R. Civ. P. 60.02. She stated there was a "discussion" of setting the case on August 7, but that this was to be contingent on the parties completing mediation, which was never done. Plaintiff stated her attorney thought the hearing would be taken off the docket if the mediation was not done. Plaintiff also stated her attorney received a letter from the Clerk and Master sent August 1 advising the docket sounding would be September 4, and she presumed from the letter that the case would be reset on that docket sounding date. Plaintiff's attorney filed an affidavit affirming the facts set forth in the motion.

The Court entered an Order denying plaintiff's motion, "based on the pleadings filed herein, the history of the litigation and the multiple times the case has been reset and the failure of the Plaintiff and her counsel to appear for the hearing". On appeal, plaintiff raises the issue of whether the Trial Court erred in dismissing plaintiff's claim?

Dismissals under Tenn. R. Civ. P. 41 are reviewed under an abuse of discretion standard, as are denials of Tenn. R. Civ. P. 60 motions. *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94 (Tenn. 1993); *Manufacturers Consolidation Service, Inc. v. Rodell*, 42 S.W.3d 846 (Tenn. Ct. App. 2000).

A trial court abuses its discretion only when it applies an incorrect legal standard, or reaches a decision which is against logic or reasoning that causes an injustice to the party complaining. *Walker v. Nissan North America, Inc.*, 2009 WL 2589089 (Tenn. Ct. App. Aug. 21, 2009). Under this standard, we may not substitute our judgment for that of the trial court, and a trial court's ruling "will be upheld so long as reasonable minds can disagree as to propriety of the decision made." *Id.* Moreover, the party seeking relief has the burden of proof. *Pryor v. Rivergate Meadows Apartment Assoc. Ltd. P'ship.*, 2009 WL1181343 (Tenn. Ct. App. May 1, 2009).

We conclude plaintiff has presented insufficient proof to show the Trial Court applied an incorrect legal standard, or reached a decision that is against logic or reasoning. Plaintiff's counsel filed an affidavit claiming to have understood that the hearing would be continued if mediation was not complete. He received notice from the Court of a September docket sounding, which led him to presume that the hearing would be set at that time. The Trial Court reviewed the affidavit but ruled that the dismissal should stand, based on the history of the litigation and the multiple times the case had been reset. The record does not disclose how many times it had been reset, and whether mediation was ordered before the trial could be held, etc. In short, the record is simply insufficient to show that the Trial Court abused its discretion.

We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Samantha Ann Moore.

_____
HERSCHEL PICKENS FRANKS, P.J.